NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0773n.06

Nos. 12-3340/4146

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Aug 20, 2013*
DEBORAH S. HUNT, Clerk

RACHAEL NYAMAYEDENGA,       )
                            )
        Petitioner,          )
                            )       ON PETITION FOR REVIEW
v.                          )       FROM THE UNITED STATES
                            )       BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,  )   APPEALS
                            )
        Respondent.          )       **AMENDED**
                            )

        BEFORE:  GILMAN, GRIFFIN, and WHITE, Circuit Judges.


        PER CURIAM.  Rachael Nyamayedenga, a native of Zimbabwe, petitions through counsel

for review of decisions of the Board of Immigration Appeals (BIA), dismissing her appeal from a

decision of an immigration judge (IJ) denying her applications for asylum, withholding of removal,

and protection under the Convention Against Torture (CAT), and denying her motion to reopen the

proceeding.  The cases have been consolidated for review.  We granted Nyamayedenga's motion for

a stay of removal pending this review.

        Nyamayedenga was born in 1956.  She entered this country in 2001 as a dependent of her

then husband, who had a student visa.  The couple's three sons also entered as dependents.  In 2007,

Nyamayedenga and her husband divorced.  She attempted to change her status to a student, but was

denied.  She also applied for the above relief.

        Nyamayedenga bases her applications for relief on her claimed fear of persecution in

Zimbabwe on the basis of her political opinion.  She claims to belong to the opposition party and to

have provided financial support in 2005 for her brother, who ran unsuccessfully for Parliament as

a member of that party. Her brother died in 2006, and Nyamayedenga believes his death from a heart attack was brought on by harassment from those in favor of the ruling party and its president, Robert Mugabe. Her brother's death certificate, however, shows that he died from renal failure and hepatitis. His widow, according to Nyamayedenga, was forced to close her shop because her customers were threatened, and she now works from home. Nyamayedenga's nephew has left Zimbabwe for South Africa due to vague claims of threats from the ruling party. Nyamayedenga does not claim that she has ever been assaulted or arrested based on her political opinion.

The IJ denied all relief. First, the IJ found that Nyamayedenga's application for asylum was untimely. In the alternative, he denied the asylum claim and her other claims to relief on the merits (A.R. pp. 270-288). The BIA agreed with the IJ's conclusions and dismissed her appeal (A.R. pp. 191-194). Nyamayedenga moved to reopen the proceeding, submitting evidence that the political situation had not improved despite the opposition party's winning some positions in the government by election. The BIA found that none of Nyamayedenga's evidence showed that she would be singled out for persecution if she returned to Zimbabwe, and it denied the motion. (A.R. pp. 7-8).

In her brief before this court, Nyamayedenga argues that her asylum application was not untimely due to extraordinary circumstances because she had a pending application for change of status which obviated the need to apply for asylum. She also argues that the BIA erred in concluding that she was not more likely to be persecuted than her sister-in-law and nephew because she contributed money to the opposition party while in this country.

We lack jurisdiction to review whether extraordinary circumstances existed which would excuse Nyamayedenga's late filing of her asylum application. *See Vincent v. Holder*, 632 F.3d 351,

353 (6th Cir. 2011). Moreover, we find that substantial evidence supports the agency's denial of her asylum claim on the merits. The facts found by the agency under this standard of review are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary. *Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005). Nyamayedenga does not claim to have suffered past persecution. Although she claims that she would be singled out for persecution because she provided financial support to the opposition party while in this country, her evidence falls short of supporting a reasonable fear of persecution. *See Klawitter v. INS*, 970 F.2d 149, 153 (6th Cir. 1992).

Because Nyamayedenga failed to satisfy the burden of proof on her asylum claim, she cannot satisfy the higher standard for withholding of removal. *See Dieng v. Holder*, 698 F.3d 866, 874 (6th Cir. 2012). She also has not established that it is more likely than not that she will be tortured on return to Zimbabwe and is therefore ineligible for protection under the CAT. *See Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004).

Nyamayedenga also petitions for review of the denial of her motion to reopen the proceeding. We review the denial of a motion to reopen for an abuse of discretion, which can be shown if the denial is without rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as racial discrimination. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). Nyamayedenga has not established abuse of discretion by the BIA. The order denying her motion explains that, although improvements in the political situation in Zimbabwe have not materialized, Nyamayedenga still has no evidence that she has a reasonable fear of persecution on the basis of her political opinion.

Accordingly, we deny Nyamayedenga's petitions for review.